FILED'10 JAN 25 16:52USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DENNIS HUNG NGUYEN,

        Petitioner,        Civil No. 07-1825-CL

        v.        REPORT AND RECOMMENDATION

NANCY HOWTON,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to the Judgment of Conviction and sentence dated September 10, 1999, from Multnomah County Circuit Court Case No. 98-10-38639, after convictions for Robbery in the Second Degree, Burglary in the First Degree, and Sexual Abuse in the First Degree. Exhibit 101. [1] Following a jury trial, petitioner was sentenced to a total of

---

[1] The State dismissed a kidnapping charge before the trial began. Exhibit 102 at 1; Exhibit 103 at 1.

1 - REPORT AND RECOMMENDATION

210 months of imprisonment. Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion. Petitioner did not seek review by the Oregon Supreme Court. The appellate judgment issued on October 9, 2001. Exhibit 109. Petitioner filed a petition for post-conviction relief in Umatilla County Circuit Court Case No. CV01-1318, but the court denied relief. Exhibits 119 - 121. The Oregon Court of Appeals affirmed without opinion and petitioner did not seek review by the Oregon Supreme Court. The appellate judgment issued on February 5, 2004. Exhibit 123.

On May 4, 2005, petitioner filed a successive petition for post-conviction relief in Marion County Circuit Court Case No. 05C-14402, but the court dismissed it as time barred. Exhibits 128 - 130. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. The appellate judgment issued on September 26, 2007. Exhibit 137.

Petitioner filed a pro se petition under 28 U.S.C. § 2254 alleging two grounds for relief:

> Ground One: violated sixth amendment.
> (a) supporting facts: three upward enhanced sentences were imposed in the absence of proof beyond a reasonable doubt, to a jury, of the facts warranting an enhanced sentence, depriving petitioner of his rights to a jury trial and due process under the state and federal constitution.
>
> Ground Two: ineffective assistance of counsel
> (a) supporting facts: trial counsel failed to argue petitioners amendment rights during hearing sentencing to have a jury determine beyond a reasonable doubt all facts essential to three enhanced sentenced. (sic)

2 - REPORT AND RECOMMENDATION

Subsequently, counsel was appointed to represent petitioner in this proceeding. Petitioner's counsel filed a Memorandum in Support of Petition for Writ of Habeas Corpus (#30) alleging: "The imposition of these upward departure sentences in violation of the Sixth Amendment jury trial right recognized in Blakely v. Washington, 542 U.S. 296 (4004), is the focus of Mr. Nguyen's petition and this Memorandum." Memorandum in Support (#30) p. 2. "The other claim, that trial counsel was ineffective in failing to object to the upward departure sentences as violating his Sixth Amendment jury trial right, will not be addressed in this memorandum." Id., Fn. 1.

Accordingly, petitioner's Ground One, that the upward departure sentences imposed by judicial fact-finding violated the Sixth Amendment's right to jury trial, ie petitioner's "Blakely claim," is the only claim that will be addressed in this Report and Recommendation. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), *cert. denied* 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

Respondent's Response to Habeas Corpus Petition (#15) argues that petitioner's claims should be denied because they were not brought within the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). In respondent's Reply Memorandum

3 - REPORT AND RECOMMENDATION

in Support of Petition for writ of Habeas Corpus, respondent withdraws the statute of limitation argument. Reply Memorandum (#34) p. 1.

Assuming *arguendo* that petitioner's Blakely claim is properly before the court[2] I find that it fails on the merits for the reasons set forth below.[3]

Respondent concedes petitioner's argument that his 1999 sentences "plainly violate" the 2004 decision in Blakely is "correct." Reply to Memorandum (#30) p. 14. However, petitioner's direct appeal became final on October 9, 2001. Exhibit 109. *Blakely* was not decided until 2004. See, Blakely v. Washington, 542 U.S. 296 (2004). The *Blakely* decision does not apply on collateral review to decisions that were final before it was decided. Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005).

Petitioner attempts to distinguish *Schardt*, see, Memorandum in Support (#30) p. 14-15 and argues that *Blakely* should be applied retroactively to his sentences. However, the "standard of proof" argument for retroactivity was before the court in *Schardt* and necessarily rejected by the Ninth

---

[2]Petitioner has not responded to respondent's argument that petitioner's Blakely claim was not properly exhausted and defaulted "for at least six reasons." Reply to Memorandum (#30) p. 10,

[3]"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the court's of the State." 28 U.S.C. § 2254(b)(2).

4 - REPORT AND RECOMMENDATION

Circuit.  Schardt v. Payne, supra at 1030.

Based on the foregoing I find that Petitioner's Petition (#2) should be denied.  This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.  See, 28 U.S.C. § 2253(c)(2).*

5 - REPORT AND RECOMMENDATION

DATED this 22 day of January, 2010.

_____
Mark D. Clarke
United States Magistrate Judge

6 - REPORT AND RECOMMENDATION